IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEANNA MILOTA,

          Plaintiff,

    v.

HEXION SPECIALTY CHEMICALS
CANADA, INC., MOMENTIVE SPECIALTY
CHEMICALS CANADA, INC., MOMENTIVE
SPECIALTY CHEMICALS, INC., a New Jersey
Corporation, and MOMENTIVE PERFORMANCE
MATERIALS HOLDING, LLC,

          Defendants.

No. 3:13-cv-00909-HZ

OPINION & ORDER

Mark M. McCulloch
Trish A. Walsh
FARLEIGH WADA WITT
121 SW Morrison Street, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

///

///

1- OPINION & ORDER

Leah C. Lively
Sean M. Driscoll
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500
Portland, OR 97201

    Attorneys for Defendants

HERNÁNDEZ, District Judge:

Defendants move for relief from this Court's Order Granting Plaintiff's Motion for Voluntary Dismissal ("Voluntary Dismissal Order"). Defendants ask the Court to grant their motion for the limited purpose of affording them the opportunity to seek prevailing party fees and costs. The Court grants the motion.

## BACKGROUND

Plaintiff filed suit against Defendant Momentive Specialty Chemicals, Inc., alleging causes of action for negligence, breach of contract, and breach of fiduciary relationship. Defendant asserted that Plaintiff's alleged injuries were caused by non-parties whom Plaintiff had failed to join in the action. Plaintiff then sought to amend her complaint by adding three additional defendants. The Court granted Plaintiff leave to amend and Plaintiff filed her amended complaint on January 31, 2014.

On April 1, 2014, Defendants filed a motion to dismiss Plaintiff's amended complaint, arguing that this Court lacked personal jurisdiction over the three defendants Plaintiff added in her amended complaint. From April until November 2014, the parties conducted discovery and Plaintiff prepared her response to Defendants' motion to dismiss. On June 4, 2014, this Court entered an Order granting Plaintiff an extension of time to file a response to the motion to dismiss and authorizing Plaintiff to "conduct jurisdictional discovery to the extent it is precisely

2- OPINION & ORDER

focused at matters relating to personal jurisdiction." Order, June 4, 2014, [43]. This Court granted Plaintiff three additional extensions of time to respond to the motion to dismiss.

On October 20, 2014, Plaintiff sent a letter to the Court, indicating that Plaintiff intended to dismiss the lawsuit. Lively Decl. Att. 1, [63-1]. Plaintiff explained that the United States Supreme Court's decision in Daimler AG v. Bauman, 134 S. Ct. 746 (2014), reversed the Ninth Circuit decision and "changed the rules of general jurisdiction"; therefore, Plaintiff determined that there was "no basis for general jurisdiction over any of the defendants . . . ." Id. On November 26, 2014, Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice. In a letter to the Court accompanying the motion, Plaintiff's counsel stated:

> Enclosed is a copy of Motion for Voluntary Dismissal which was filed this afternoon. I sent this in a stipulated form to opposing counsel Leah Lively on November 7, 2014, and November 19, 2014, but I have not received a response. She earlier indicated she wanted to pursue the question of attorney fees and costs, and I indicated I was willing to do that.
>
> If you find the attached Order acceptable, please sign and enter it.
>
> The Plaintiff intends to refile this matter in Canada to avoid jurisdictional problems existing in the United States.

Lively Decl. Att. 3, [63-3].

On December 1, 2014, the Court entered the Voluntary Dismissal Order, granting Plaintiff's motion. Order, Dec. 1, 2014, [61]. On January 2, 2015, Defendants filed the present motion for relief from the Court's Order.

## STANDARDS

After a defendant has filed an answer or motion for summary judgment, an action may be dismissed voluntarily at plaintiff's request only by order of the court and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A plaintiff's motion for voluntary dismissal without prejudice is addressed to the court's sound discretion. See Fed. R. Civ. P. 41(a)(2); Stevedoring

3- OPINION & ORDER

Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989); Reser's Fine Foods, Inc. v. Bob Evans Farms, Inc., No. 3:13-CV-00098-AA, 2013 WL 6190113, at *1 (D. Or. Nov. 25, 2013). Rule 41(a)(2) does not require the district court to impose any terms or conditions; nor does it limit the terms and conditions that may be imposed. Cerciello v. Blackburn Truck Lines Holding Co. Inc., 917 F.2d 27 (9th Cir. 1990).

A voluntary dismissal is a judgment, order, or proceeding, from which Federal Rule of Civil Procedure 60(b) relief can be granted. In re Hunter, 66 F.3d 1002, 1004 (9th Cir. 1995); see also Budanio v. Saipan Marine Tours, Inc., 22 F. App'x 708, 710 (9th Cir. 2001). Rule 60(b) provides that the court may relieve a party from a final judgment, order, or proceeding, "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (cited by Pefley v. Gower, 584 F. App'x 662, 663 (9th Cir. 2014)).

## DISCUSSION

Defendants contend that Plaintiff failed to make the Court aware of Defendants' opposition to the form of the dismissal, "resulting in an Order that both precluded Defendants from opposing the motion for voluntary dismissal and failed to provide for an alternative avenue through which defendants could seek costs normally awarded in connection with a voluntary dismissal." Defs.' Mot. for Relief, 4. According to Defendants, Plaintiff's failure to apprise the Court of the parties' disagreement as to the form of the dismissal constitutes good cause for granting Defendants relief from the Order, under Federal Rule of Civil Procedure 60(b)(1), (3), and (6),

Defendants fail to show fraud, misrepresentation, or misconduct, as required by Rule 60(b)(3). Defendants accuse Plaintiff of persisting in discovery, despite having no jurisdictional basis. In particular, Defendants note that the U.S. Supreme Court decision, Daimler AG, was issued on January 14, 2014 and undermined Plaintiff's assertion of jurisdiction in this Court, yet Plaintiff did not move to dismiss her action until nearly ten months later. However, Plaintiff points out that Defendants' motion to dismiss for lack of jurisdiction, filed April 1, 2014, also did not mention Daimler AG, nor did Defendants bring this case to the Court's attention at any point. Therefore, it appears that neither party was aware of the case until October 2014, when Plaintiff discovered it and used it as the basis to file her motion for voluntary dismissal.

However, the Court agrees with Defendants that Plaintiff submitted her motion for voluntary dismissal without informing the Court of Defendants' objection to the proposed dismissal order's lack of an award of fees or costs. The Court finds that this is a "reason that justifies relief," under Rule 60(b)(6). See Angelone v. Furst, 585 F. App'x 683 (9th Cir. 2014); see also, Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006) (explaining that Rule 60(b)(6) "is used sparingly as an equitable remedy to prevent manifest injustice" (citation and internal quotation marks omitted)). At least twice, Defendants expressly communicated to Plaintiff their opposition to a Voluntary Dismisal Order that did not provide for fees or costs to either side. See Lively Decl. Att. 2, [63-2]. However, Plaintiff did not make this clear to the Court. Plaintiff's counsel's statement to the Court that Defendants' counsel "earlier indicated she wanted to pursue the question of attorney fees and costs, and I indicated I was willing to do that," did not give the Court notice that Defendants unequivocally opposed the Voluntary Dismissal Order as written. Lively Decl. Att. 3, [63-3]. The Court, therefore, signed

5- OPINION & ORDER

the Order within days of its submission, thereby depriving Defendants of an opportunity to voice their opposition.[1]

Payment of costs and attorney fees is not a prerequisite to an order granting voluntary dismissal. Pierce v. Palisades Collection LLC, No. CIV 07-3076-CL, 2009 WL 1916619, at *1 (D. Or. July 1, 2009) (citing Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989) (and cases cited). However, Defendants should have been given an opportunity to express their opposition to Plaintiff's motion and move for costs and fees as appropriate. Therefore, the Court grants Defendants relief from the Voluntary Dismissal Order so that they may have that opportunity.

## CONCLUSION

Defendants' motion [62] for relief from the Voluntary Dismissal Order is GRANTED for the limited purpose of affording Defendants the opportunity to seek fees and costs. Defendants' response to Plaintiff's Motion to Dismiss [60], if any, must be filed within 14 days of the date below.

IT IS SO ORDERED.

Dated this \_\_17\_\_ day of \_\_Feb.\_\_, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

---

[1] Plaintiff submitted the proposed order on Wednesday, November 26, 2014, the day before Thanksgiving. The Court entered the Voluntary Dismissal Order the following Monday, December, 1, 2014.

6- OPINION & ORDER