IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEANNA MILOTA,

              Plaintiff,

     v.

HEXION SPECIALTY CHEMICALS
CANADA, INC., MOMENTIVE SPECIALTY
CHEMICALS CANADA, INC., MOMENTIVE
SPECIALTY CHEMICALS, INC., a New Jersey
Corporation, and MOMENTIVE PERFORMANCE
MATERIALS HOLDING, LLC,

              Defendants.

No. 3:13-cv-00909-HZ

OPINION & ORDER

Mark M. McCulloch
Trish A. Walsh
FARLEIGH WADA WITT
121 SW Morrison Street, Suite 600
Portland, OR 97204

     Attorneys for Plaintiff

///

///

1- OPINION & ORDER

Leah C. Lively
Sean M. Driscoll
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500
Portland, OR 97201

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      Plaintiff Deanna Milota moves for voluntary dismissal of this action, without prejudice. The Court finds the motion unnecessary as to Defendants Hexion Specialty Chemicals Canada, Inc.; Momentive Specialty Chemicals Canada, Inc.; and Momentive Performance Materials Holding, LLC; because Plaintiff can submit a notice of dismissal and dismiss these defendants as a matter of right. The Court grants the motion as to Defendant Momentive Specialty Chemicals, Inc. ("MSC America").

## BACKGROUND

      The background facts of the case are provided in detail in this Court's February 17, 2015, Opinion & Order. While the Court does not repeat those facts here, it is worth noting that Plaintiff's Motion for Voluntary Dismissal, filed November 26, 2014, stated that Plaintiff sought dismissal based on Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Plaintiff indicated in a letter to the Court that Plaintiffs dismissed the lawsuit because of a January 2014 United States Supreme Court decision that resulted in a lack of general jurisdiction over any of the defendants in this case. See <u>Daimler AG v. Bauman</u>, 134 S. Ct. 741 (2014). The Court granted Plaintiff's motion, but then granted Defendants relief from the motion in order to afford Defendants the opportunity to seek fees and costs. Opinion & Order, February 17, 2015, [69].

      In requesting relief from the Court's Order granting Plaintiff's Motion for Voluntary Dismissal, Defendants argued their position based on Federal Rule of Civil Procedure 41(a)(2).

2- OPINION & ORDER

Plaintiffs submitted a reply where they did not dispute that Rule 41(a)(2) was the rule at issue, and this Court issued its February 17, 2015 Opinion & Order pursuant to Rule 41(a)(2). Nevertheless, Plaintiff now asserts that Rule 41(a)(1)(A)(i) is the correct rule to apply to its Motion.

## STANDARDS

Federal Rule of Civil Procedure 41(a) provides the rule under which a plaintiff may voluntarily dismiss a case:

> (a) Voluntary Dismissal.
> (1) *By the Plaintiff.*
> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.
> (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Rule 41(a)(1) and Rule 41(a)(2) differ dramatically as to the role of the court and the plaintiff's ability to dismiss an action. Under Rule 41(a)(1)(A)(i), "a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). In

Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999), the Ninth Circuit reiterated:

> Th[e] [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing. Because the dismissal is effective on filing and no court order is required, "[t]he filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." Wilson, 111 F.3d at 692. The effect is to "leave[ ] the parties as though no action had been brought." Id.

(citations omitted).

In contrast, after a defendant has filed an answer or motion for summary judgment, a plaintiff must request a court order under Rule 41(a)(2) in order to dismiss the case. An action may be dismissed voluntarily at plaintiff's request only by order of the court, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A plaintiff's motion for voluntary dismissal without prejudice is addressed to the court's sound discretion. See Fed. R. Civ. P. 41(a)(2); Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989); Reser's Fine Foods, Inc. v. Bob Evans Farms, Inc., No. 3:13-CV-00098-AA, 2013 WL 6190113, at *1 (D. Or. Nov. 25, 2013). Rule 41(a)(2) does not require the district court to impose any terms or conditions; nor does it limit the terms and conditions that may be imposed. Cerciello v. Blackburn Truck Lines Holding Co. Inc., 917 F.2d 27 (9th Cir. 1990).

## DISCUSSION

As an initial matter, the Court must resolve a dispute as to which Rule applies to Plaintiff's Motion for Voluntary Dismissal. As mentioned above, Plaintiff's Motion stated that it was brought pursuant to Rule 41(a)(1)(A)(ii). However, this must have been a scrivener's error, because that Rule only applies to stipulated dismissals, signed by all parties. Here, Plaintiff did not have Defendants' consent. Furthermore, Plaintiff's Motion requested that the Court enter an

4- OPINION & ORDER

order granting dismissal, a request that would be completely unnecessary if the dismissal was pursuant to Rule 41(a)(1)(A)(i) or Rule 41(a)(1)(A)(ii), because neither require a court order to dismiss a case. Both parties and this Court treated Plaintiff's motion as one brought under Rule 41(a)(2), meaning that the action could only be dismissed by court order "on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2). Nevertheless, Plaintiff argues for the first time in her Reply that the motion was in fact filed pursuant to Rule 41(a)(1) and, therefore, she is entitled to dismissal even without this Court's approval. The Court gives Plaintiff the benefit of the doubt and first analyzes her Motion as if it were a notice of dismissal under Rule 41(a)(1)(A)(i).

### I.    Dismissal under Rule 41(a)(1)(A)(i)

A plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. Pro. 41(a)(1)(A)(i).

This case involves four defendants. One defendant, MSC America, filed an answer to Plaintiff's original complaint. Plaintiff then amended her complaint and added three additional defendants. None of the four defendants filed an answer or motion for summary judgment to Plaintiff's amended complaint. Therefore, the Court must resolve whether MSC America's answer to the original complaint qualifies as an answer under Rule 41(a)(1)(A)(i) and, if so, whether it imputes to all of the defendants in the case, thereby barring Plaintiff from seeking voluntary dismissal under this Rule.

This Court is unaware of any Ninth Circuit case that directly addresses the issue of whether filing an answer to an original complaint, but not to the amended complaint, is sufficient to preclude a plaintiff from voluntarily dismissing a claim as a matter of right pursuant to Rule

41(a)(1)(A)(i). However, the Fourth Circuit has decided that an answer to the original complaint is sufficient to preclude a plaintiff from voluntary dismissal as a matter of right, and several district courts have adopted the same reasoning. See Armstrong v. The Frostie Company, 453 F. 2d 914, 916 (4th Cir. 1971). In Armstrong, the court explained that the purpose of Rule 41(a)(1) is "to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case." Id. "Once the defendant has filed an answer or a motion for summary judgment, which normally is marked by extensive preparation, granting dismissal without prejudice becomes discretionary with the court." Id.; see also Fed. R. Civ. Pro. 41(a)(2). The defendant in Armstrong had "satisfied both the letter and the sprit of the rule" by filing an answer and motion for summary judgment to the original complaint and, therefore, the plaintiff was precluded from asserting dismissal under Rule 41(a)(1)(A)(i).

Courts have interpreted Armstrong to stand for the proposition that "a plaintiff cannot supersede the cutting off of its right to give notice of voluntary dismissal by filing an amended complaint after an answer or motion for summary judgment has been filed by the defendant." Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Med. Educ., 760 F.2d 14, 17-18 (1st Cir. 1985) (citing 5 Moore's Federal Practice ¶ 41.02 [3], at 41–32 (1984)); see also Finley Lines Joint Protective Bd. Unit 200, Bhd. Ry. Carmen, a Div. of Transp. Commc'ns Union v. Norfolk S. Corp., 109 F.3d 993, 997 (4th Cir. 1997); Mansfield v. Jones-Pfaff, No. C14-0948JLR, 2014 WL 7185405, at *7 n.10 (W.D. Wash. Dec. 16, 2014); Aana v. Pioneer Hi-Bred Int'l, Inc., No. CIV. 12-00231 LEK, 2014 WL 819158, at *2-3 (D. Haw. Feb. 28, 2014); Quick v. EMCO Enterprises, Inc., 251 F.R.D. 371, 373-74 (S.D. Iowa 2008).

6- OPINION & ORDER

This Court adopts the reasoning in Armstrong and finds that Plaintiff cannot voluntarily dismiss MSC America from the case under Rule 41(a)(1)(A)(i) because MSC America filed an answer to the original complaint. See Aana, 2014 WL 819158 at *3 ("The purpose of Rule 41(a)(1)(A)(i) . . . is to allow a plaintiff to voluntarily withdraw his case before the defendant expends significant time and resources on the case, not just on the version of the plaintiff's complaint currently before the district court.) (emphasis in original).

However, the Ninth Circuit has decided that a plaintiff may voluntarily dismiss fewer than all the named defendants under Rule 41(a)(1). Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993). If any of the defendants have not yet filed an answer or motion for summary judgment, then a plaintiff has an "absolute right to dismiss" claims against those defendants. Duke Energy Trading & Mktg., L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001) (quoting Pedrina, 987 F.2d at 610); see also Sheldon v. Amperex Elec. Corp., 52 F.R.D. 1, 9 (E.D.N.Y.) aff'd, 449 F.2d 146 (2d Cir. 1971) ("Service of a notice of motion for summary judgment by one or more of several defendants (or of an answer, for that matter), does not foreclose the plaintiff from dismissing as to any other defendant who has not served notice of such a motion."); Madsen v. Park City, 6 F. Supp. 2d 938, 943 (N.D. Ill. 1998) ("In a multiple defendant case, it is permissible to voluntarily dismiss just some of the defendants and the fact that some of the defendants have already answered does not preclude invoking this rule as to other defendants." (internal citations omitted)). Therefore, Plaintiff may voluntarily dismiss Defendants Hexion Specialty Chemicals Canada, Inc; Momentive Specialty Chemicals Canada, Inc.; and Momentive Performance Materials Holding, LLC; under Rule 41(a)(1)(A)(i).

A dismissal under Rule 41(a)(1)(A)(i) does not deprive the district court from jurisdiction over the issue of attorney's fees and costs. Samho Co. v. Sorks-Iturup, 254 F. App'x 569, 570

7- OPINION & ORDER

(9th Cir. 2007). With the filing of the notice of dismissal under Rule 41(a)(1), "the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them aside from orders pertaining to a limited number of 'collateral issues' such as criminal contempt charges, costs, attorney's fees, and Rule 11 sanctions." Id. (citing Duke Energy Trading and Marketing, LLC, 267 F. 3d at 1049 and Cooter and Gell v. Hartmarx Corp., 496 U.S. 384, 394 (1990) (internal quotations omitted)). However, a notice of dismissal pursuant to Rule 41(a)(1) does not constitute relief from the Court on the merits of a claim or a judicial *imprimatur* altering the legal relationship between the parties such that any party may claim "prevailing party" status for the purpose of an award of costs or attorneys' fees. See Fed. R. Civ. P. 41(a)(1); Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 603-05 (2001); Cadkin v. Loose, 569 F.3d 1142, 1149-50 (9th Cir. 2009). Therefore, the Court declines to award attorney's fees or costs as to Defendants Hexion Specialty Chemicals Canada, Inc; Momentive Specialty Chemicals Canada, Inc.; and Momentive Performance Materials Holding, LLC; under Rule 41(a)(1)(A)(i).

    **II.**    **Dismissal under Rule 41(a)(2)**

As explained above, Rule 41(a)(2) applies to Plaintiff's dismissal of Defendant MSC America. Therefore, the action may be dismissed as to MSC America only by order of the court and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Defendants do not object to this Court dismissing the action against MSC America, but ask the Court to award reasonable costs and attorney's fees incurred in defending Plaintiff's claim after January 14, 2014, the date that the U.S. Supreme Court issued its decision in Daimler AG v. Bauman.

8- OPINION & ORDER

The Court has the discretion to condition a dismissal without prejudice upon the payment of the defendant's "appropriate costs and attorney fees." Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996). However, "[a]lthough costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal." Pierce v. Palisades Collection LLC, No. CIV 07-3076-CL, 2009 WL 1916619, at *1 (D. Or. July 1, 2009) (citing Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989) (and cases cited); Puerto Rico Maritime Shipping Auth. v. Leith, 668 F.2d 46, 51 (1st Cir. 1981) (cited with approval by Stevedoring Services of America) (district court did not abuse its discretion in granting voluntary dismissal without imposing costs and attorney's fees); 9 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2366 (2d ed.1995)).

Plaintiff argues that fees and costs for MSC America are not appropriate because MSC America was not part of the jurisdictional inquiries. See Pl.'s Reply 9 ("The three new defendants named in the Amended Complaint challenged jurisdiction but Momentive America did not."). However, Plaintiff seeks dismissal of this action as to all defendants, stating in a letter to the Court: "Plaintiffs will be dismissing this lawsuit . . . . We have carefully studied [Daimler AG v. Bauman] and determined that there is no basis for general jurisdiction over any of the defendants under the severe limits placed on general jurisdiction in the Daimler case." [63-1]. Therefore, the Court is not persuaded by Plaintiff's attempt to parse the costs of the jurisdictional dispute as to each of the defendants. While the Court accepts that Plaintiff's failure to become aware of the Supreme Court's January 2014 decision was unintentional, Plaintiff had a responsibility to stay apprised of developments in the law that would affect its case. This

9- OPINION & ORDER

responsibility was especially pronounced in light of the fact that Plaintiff relied on the <u>Bauman</u> decision issued in the Ninth Circuit as a basis for filing her complaint in April 2013 and knew or should have known that the case was on appeal to the Supreme Court. <u>See</u> McCullough Decl. 2. Furthermore, the Court granted Plaintiff four extensions of time to respond to Defendants' motion to dismiss and specifically directed Plaintiff to "conduct jurisdictional discovery to the extent it is precisely focused at matters relating to personal jurisdiction." Order, June 4, 2014, [43].

On the other hand, costs and attorney's fees in this case would have been reduced if Defendants had fulfilled their obligations to communicate with and respond to Plaintiff. In exercising its discretion, the Court considers the time and effort invested by the parties. <u>See</u> <u>Westlands Water Dist. v. United States</u>, 100 F.3d 94, 98 (9th Cir. 1996); <u>see also</u> <u>Kern v. TXO Prod. Corp.</u>, 738 F.2d 968, 972 (8th Cir. 1984). The Court notes that part of Plaintiff's delay in responding to Defendants' motion to dismiss was due to Defendants' dilatory behavior. Between July and September 2014, Defendants repeatedly failed to respond to Plaintiff's requests for production and caused Plaintiff to file a Motion to Compel. In fact, this Court was prepared to grant Plaintiff's Motion for Sanctions against Defendants for fees incurred in bringing the Motion to Compel; however, Plaintiff filed the present motion for voluntary dismissal prior to the Court entering its order. Therefore, to the extent Defendants argue they are entitled to costs and attorney's fees stemming from Plaintiff's delay in responding to Defendants' motion to dismiss, the Court is unpersuaded. The Court exercises its discretion under Rule 41(a)(2) and declines to impose any conditions upon Plaintiff's voluntary dismissal.

///

## CONCLUSION

Plaintiff's Motion to Dismiss [60] is GRANTED as to Defendant MSC America and is DENIED as unnecessary as to Defendants Hexion Specialty Chemicals Canada, Inc; Momentive Specialty Chemicals Canada, Inc.; and Momentive Performance Materials Holding, LLC. Plaintiff should submit a notice of dismissal pursuant to Rule 41(a)(1)(A)(i) within seven days of the date below as to Defendants Hexion Specialty Chemicals Canada, Inc; Momentive Specialty Chemicals Canada, Inc.; and Momentive Performance Materials Holding, LLC.

IT IS SO ORDERED.

Dated this __16__ day of __April__, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

11- OPINION & ORDER